UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE MACK,

        Plaintiff,

vs.                      CASE NO. 5:12-13533
                           HONORABLE JOHN CORBETT O'MEARA
                           UNITED STATES DISTRICT JUDGE

CHARLES E. SAMUELS, et. al.,

        Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate currently confined at the Federal Correctional Institution in Milan, Michigan. On September 7, 2012, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to pay the $ 350.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information. Instead, plaintiff has filed a motion to recall the the order of deficiency. For the reasons stated below, the complaint is dismissed with prejudice.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a

1

"downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

Plaintiff has objected to the order of deficiency, claiming that the PLRA's filing fee provisions do not apply to him because he is filing a combined motion for a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65.

Plaintiff's objections are disingenuous. Although Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the PLRA, the text of the Act is not limited to such actions. Instead, Congress chose to make this filing fee provision applicable to all "civil action[s]." *See United States v. Jones,* 215 F. 3d 467, 469 (4th Cir. 2000). The phrase "civil action" contained in the PLRA's filing fee provisions is not limited to challenges to the conditions of confinement. *See Lefkowitz v. Citi-Equity Group, Inc.,* 146 F. 3d 609, 612 (8th Cir. 1998). If a prisoner proceeding *in forma pauperis* attempts to cloak another civil action, such as an alleged civil rights action, as a

petition for writ of habeas corpus or a motion for post-conviction relief, a district court must assess the prisoner the applicable filing fee under the PLRA. *Kincade v. Sparkman*, 117 F. 3d 949, 952 (6th Cir. 1997). "[P]risoners who play games to avoid the PLRA should not expect courts to cooperate." *Moran v. Sondalle,* 218 F. 3d 647, 651 (7th Cir. 2000).

In the present case, plaintiff has filed a a combined motion for a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65. A prisoner who files such an action is required to comply with the PLRA's filing fee requirements by either paying the $ 350.00 filing fee or submitting an application to proceed *in forma pauperis* and the required supporting documentation. *See Rogers v. Gunja,* 47 Fed. Appx. 900, 901 (10th Cir. 2002). Because plaintiff failed to comply with the order of deficiency by either paying the filing fee or submitting an application to proceed *in forma pauperis,* his complaint is subject to dismissal. *Id.,* at pp. 901-02.

The Court will dismiss the complaint for want of prosecution, because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula,* 113 Fed. Appx. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003).

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Because the case is being dismissed under these circumstances,

the Court further **ORDERS** that it is not to be reinstated to the district court's active

docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.


                                               s/John Corbett O'Meara  
                                               United States District Judge

Date:  October 23, 2012


      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 23, 2012, using the ECF system and/or ordinary mail.

                                               s/William Barkholz  
                                               Case Manager